UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAIR DIAZ JIMENEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05674-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(A Number: A-240-374-265)

(Doc. 1)

**7-Day Objection Period**

**Background**

Petitioner Lair Diaz Jimenez ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on July 21, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO"), while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center. (Docs. 1, 4). The presiding district judge denied Petitioner's motion for TRO (Doc. 7) and denied his motion for reconsideration (Doc. 14).

In his petition, Petitioner alleges that he is a native and citizen of Mexico and last entered the United States of America in February 1994. (Doc. 1 at 2, 9). Petitioner alleges that he was arrested in May 2025 but released from custody "on bond" in July 2025. *Id.* at 12. He alleges his "court dates" were continued and that he was sentenced in December 2025. *Id.* On February 15,

2026, he alleges that he was "processed" by ICE and transferred to his current facility of detention ("California City") on February 27, 2026. *Id.*

In their response to the petition (Doc. 10), Respondents provide documentation generally corroborating Petitioner's allegations. On May 15, 2025, immigration authorities encountered Petitioner at the Palm Beach (Florida) County Jail where he was in custody pending adjudication of criminal charges. (Doc. 10-1, "Exhibit 1"). He was transferred to ICE custody and placed in removal proceedings pursuant to Section 240 of the Immigration and Nationality Act. *Id.* ("Exhibit 1" and "Exhibit 2"). On July 8, 2025, an immigration judge ("IJ") conducted a custody redetermination hearing and granted Petitioner's request for release on bond. (Doc. 10, "Exhibit A," IJ Order). On December 9, 2015, Petitioner was convicted in state court for battery and sentenced to four months in jail. (Doc. 10-1, Declaration of Deportation Officer Travis C. Mears, ¶ 7, citing "Exhibit 3," RAP Sheet). Following his release from state custody, on February 15, 2026, Petitioner entered ICE custody pending removal proceedings. *Id.* ¶¶ 9-10. Although Petitioner has been ordered removed, on September 2, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals. (Doc. 13).

Respondents do not oppose the Court's ordering them to provide Petitioner with a bond hearing. (Doc. 10 at 2). Although they "preserve their position" that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), they inexplicably cite a recent decision of the Ninth Circuit rejecting this interpretation of the Immigration and Nationality Act. *Id.* (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)).

**Discussion**

Once an IJ has released a noncitizen on bond pending his removal proceedings, "the Government is limited in its ability to re-detain that noncitizen—it 'cannot redetain' a noncitizen 'absent changed circumstances ... such as reinvolvement with the criminal justice system.'" *Ruiz Otero v. Kaiser*, No. 25-cv-06536-NC, 2026 WL 2497542, at *3 (N.D. Cal. Aug. 25, 2026) (quoting *Panosyan v. Mayorkas*, 854 Fed. Appx. 787, 788 (9th Cir. 2021)).

Respondents correctly acknowledge that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez* pursuant to 8 U.S.C. § 1226(a). However, given that Petitioner previously was

ordered released on bond by an IJ, which necessarily required the IJ's determination that Petitioner did not then present a risk of flight or danger to the community, Petitioner also retains a liberty interest in his freedom from detention that implicates protections under principles of due process. *See Padilla v. U.S. I.C.E.*, -- F.4th --, 2026 WL 2822044, at *13 (9th Cir. Sept. 21, 2026) (holding that noncitizens detained by immigration authorities "well within the country's borders are protected by the Due Process Clause"). *E.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting "the actions of the Government in allowing Petitioner to remain in the community for over five years strengthen Petitioner's liberty interest. Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause.") (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987)); *Ramazan M. v. Andrews*, No. 1:25-cv-01356-KES-SKO (HC), 2025 WL 3145562, at *5-6 (E.D. Cal. Nov. 10, 2025) ("Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute") (citing *inter alia Young v. Harper*, 520 U.S. 143, 147-49 (1997)).

Because Petitioner retains a liberty interest in his freedom from detention, the undersigned has considered the record evidence in the context of the due process framework set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). For the reasons that follow, pursuant to that framework, the undersigned concludes that Petitioner is entitled to a post-deprivation bond hearing at which the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

First, ICE's reliance on Petitioner's recent conviction for battery as a basis to re-detain him following the IJ's decision to release Petitioner on bond was "not obviously pretex[t]ual." *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight.") (citing cases); accord *O.A.C.C. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *4-5 (E.D. Cal. Dec. 4, 2025). The conviction alone involves Petitioner's possible violation of the IJ's order of release on bond. *See* (Doc. 10, "Exhibit A")

(noting as a condition of release that Petitioner sustain "no further arrests; no harmful contact").

Second, Petitioner was released by the IJ for a period of approximately five months (prior to his conviction in state court of battery) and there is no record evidence that he engaged in any unlawful conduct during his release. Under these circumstances, even in the light of disputed issues of fact concerning the nature and severity of Petitioner's conviction, the government should bear the burden of establishing at the bond hearing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *E.g., Singh v. Andrews*, No. 1:25-cv-01543-DCJ-SCR, 2025 WL 3248059, at *6 (E.D. Cal. Nov. 19, 2025) (requiring government to carry burden by clear and convincing evidence, notwithstanding disputed issues of facts involving the petitioner's alleged violation of release conditions); *M.V.I. v. Andrews*, No. 1:25-cv-01440-JLT-SKO, 2025 WL 3154403, at *13-14 (E.D. Cal. Nov. 12, 2025) (same). "Doing so is logical. … Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *M.R.R. v. Chestnut*, No. 1:25-cv-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (relying on *Pinchi v. Noem*, 792 F. Supp. 3d 1025, at 1034, 1038 (N.D. Cal. 2025)); accord *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111-13 (E.D. Cal. 2025).

Accordingly, the undersigned will recommend that the petition for writ of habeas corpus be granted and that Respondents be ordered to provide Petitioner with a post-deprivation bond hearing. *But see Rodriguez Diaz v. Kaiser*, No. 25-cv-05071-TLT, 2025 WL 3011852, at *8-10 (N.D. Cal. Sept. 16, 2025) (ordering government to provide the noncitizen a pre-deprivation hearing where he had been released on bond by an IJ for approximately five years, notwithstanding government's allegations that the noncitizen violated his terms of supervision six times during his release), *appeal filed*, No. 25-7196 (9th Cir. Nov. 14, 2025).

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v.*

*Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Respondents be ORDERED to provide Petitioner adequate advanced notice of the hearing at which Petitioner retains the right to be represented by counsel and be entitled to appear at the hearing.
4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within 14 days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 25, 2026**

UNITED STATES MAGISTRATE JUDGE