**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAIR DIAZ JIMENEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | No. 1:26-cv-05674 JLT CDB (HC)<br>A-Number: A-240-374-265<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 15) |

Lair Diaz Jimenez, a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on July 21, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order while in custody of Immigration and Customs Enforcement at the California City Immigration Processing Center, where he remains detained. (Docs. 1, 4.) On July 22, 2026, the Court denied Petitioner's TRO motion as untimely, set a briefing schedule, and referred the matter to the assigned magistrate judge for a determination on the merits. (Doc. 7.) The Court denied Petitioner's motion for reconsideration of the denial of his TRO motion on September 24, 2026. (Doc. 14.)

On September 25, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's petition for writ of habeas corpus and require Respondents

to provide Petitioner with a bond hearing. (Doc. 15.) The Court served the findings and recommendations on all parties and Respondents timely filed objections. (Doc. 16.)

In their objections, Respondents object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*Id.*; *see* also Doc. 10.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file,[1] including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 25, 2026 (Doc. 15) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
1. Respondents are **ORDERED** to provide Petitioner (A Number: A-240-374-265) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL**

[1] The Court notes that the battery conviction discussed in the findings and recommendations dates to December 9, 2025, not December 9, 2015. (*Compare* Doc. 15 at 2 and Doc. 10-1 at 3 *with* Doc. 10-2 at 22.)

receive notice of the scheduled hearing.

4. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents are **ORDERED** to release Petitioner from custody immediately and not re-detain Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing consistent with this order.
5. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.
7. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: _October 7, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE